UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS DALLIO,

                      Plaintiff,

v.

9:06-CV-1154
(GTS/DRH)

SCOTT SANTAMORE; WILLIAM COMSTOCK;
FRANK BUKSA; AMOS LeCLAIRE;
ALICIA MCGUOIRK; LAWRENCE HOPKINSON;
CRAIG RAMSDELL; ANDREW BOUCHEY;
PAUL GILMORE; DONALD QUINN;
ROY GIRDICH; C.O. GETTMAN;
LT. O'CONNELL; R.N. KIMBERLY PERREA;
R.N. LILLIAN RILEY; and R.N. DEBRA SMITH,

                      Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

THOMAS DALLIO, 88-T-2364
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO                                   DEAN J. HIGGINS, ESQ.
  Attorney General for the State of New York          Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court in this *pro se* prisoner civil rights action filed by Thomas

Dallio ("Plaintiff") against sixteen employees of the New York State Department of Correctional

Services ("Defendants") are (1) Defendants' motion for summary judgment (Dkt. No. 78), (2)

United States Magistrate Judge David R. Homer's Report-Recommendation recommending that

Defendants' motion be granted in part and denied in part (Dkt. No. 87), and (3) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 88).  For the following reasons, Plaintiff's Objections are rejected; the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; and Plaintiff's Complaint is dismissed in part.

I.      RELEVANT BACKGROUND

   A.      Plaintiff's Complaint

Plaintiff filed his Complaint in this action on September 27, 2006.  (Dkt. No. 1.)

Construed with the utmost of liberality, Plaintiff's Complaint alleges that, between approximately November 10, 2003, and November 20, 2003, while he was incarcerated at Upstate Correctional Facility in Malone, New York, the above-captioned Defendants violated his rights in the following manner: (1) by subjecting him to excessive force in violation of the Eighth Amendment; (2) by failing to intervene to prevent others from subjecting him to excessive force, in violation of the Eighth Amendment; (3) by being deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment; (4) by conspiring to violate his aforementioned constitutional rights; and (5) by committing various torts against him (including assault, battery and negligence) under New York State law.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

More specifically, Plaintiff alleges as follows: (1) Defendants Santamore, Comstock, LaClaire, Buksa, Ramsdell, and Hopkins assaulted him after he was fully restrained in his cell; (2) Defendants Gilmore and McGuoirk failed to intervene during this incident; (3) Defendants Riley and Perrea failed to properly treat him for his subsequent injuries; and (4) Defendants conspired against him by falsifying investigative reports and medical records.  (*Id.*)

For a more detailed recitation of Plaintiff's factual allegations, the Court refers the reader to the Complaint in its entirety, and Magistrate Judge Homer's Report-Recommendation. (Dkt. Nos. 1, 87.)

### B.     Defendants' Motion for Summary Judgment and Plaintiff's Response

On October 1, 2008, Defendants filed a motion for summary judgment. (Dkt. No. 78.) In their motion, Defendants argue that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff has failed to establish an excessive-force claim and/or a failure-to-intervene claim under the Eighth Amendment because insufficient record evidence exists from which a rational fact finder could conclude either that Plaintiff was subjected to force that was sufficiently serious or that Defendants used that force with a sufficiently culpable mental state; (2) Plaintiff has failed to establish a medical-indifference claim under the Eighth Amendment because  insufficient record evidence exists from which a rational fact finder could conclude either that Plaintiff experienced a medical need that was sufficiently serious or that Defendants were deliberately indifferent to such a medical need; (3) Defendants are protected from liability as a matter of law by the doctrine of qualified immunity; (4) Plaintiff has failed to establish a conspiracy claim because insufficient record evidence exists from which a rational fact finder could conclude that Defendants reached an agreement to deprive Plaintiff of his constitutional rights; and (5) Plaintiff's pendant state law claims (of assault, battery and negligence) should be dismissed under the Eleventh Amendment and New York Corrections Law § 24 because (a) Plaintiff sued Defendants for damages arising out of acts that they allegedly performed or failed to perform within the scope of their employment, and (b) New York Civil Law Practice Law and Rules § 215(3) bars Plaintiff's intentional tort claims on the ground of untimeliness. (Dkt. No. 78, Attachment 20, at 7-18.)

On October 31, 2008, Plaintiff filed his response in opposition to Defendants' motion. (Dkt. No. 85.) In his response, Plaintiff argues as follows: (1) he has adduced sufficient record evidence to establish an excessive-force claim and a failure-to-intervene claim under the Eighth Amendment; (2) he has adduced sufficient record evidence to establish a medical-indifference claim under the Eighth Amendment; (3) Defendants are not protected from liability as a matter of law by the doctrine of qualified immunity, based on the current record; and (4) Plaintiff has adduced sufficient record evidence to establish a conspiracy claim. (Dkt. No. 85, Attachment 2, at 1-14.) In addition, Plaintiff concedes that his state law claims are barred by New York Corrections Law § 24. (*Id*. at 13.)

      C.    **Magistrate Judge Homer's Report-Recommendation**

On October 26, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending as follows: (1) that all of Plaintiff's claims against Defendants Bouchey, Quinn, Girdich, Gettman, O'Connell, Perrea, and Riley be dismissed with prejudice pursuant to Fed. R. Civ. P. 56;[1] (2) that Plaintiff's excessive-force claims and failure-to-intervene claims against Defendants Santamore, Comstock, McGuoirk, LaClaire, Buksa, Ramsdell, Hopkinson and Gilmore *not* be dismissed pursuant to Fed. R. Civ. P. 56 due to the existence of genuine issues of material fact regarding those claims; and (3) that Plaintiff's claims against Defendant Smith be dismissed without prejudice for failure to serve, pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b). (Dkt. No. 87.)

---

[1] The Court notes that included in these claims are all of Plaintiff's medical-indifference claims under the Eighth Amendment, and Plaintiff's conspiracy claims. (Dkt. No. 87, at 14-20.) The Court notes also that Magistrate Judge Homer recommends the dismissal of all of Plaintiff's claims against Defendants Bouchey and Gettman based on Plaintiff's failure to demonstrate their personal involvement in the constitutional violations alleged. (*Id*. at 20-21.)

### D. Plaintiff's Objections

On November 4, 2009, Plaintiff timely filed his Objections to the Report-Recommendation. (Dkt. No. 88.) In his Objections, Plaintiff asserts, *inter alia*, the following arguments: (1) he did not hit his head against the wall, but rather his injuries were caused by Defendants, a fact that Defendants are collectively trying to "cover up";[2] (2) because Magistrate Judge Homer failed to refer to a number of his exhibits in the Report-Recommendation, he failed to resolve all ambiguities and draw all reasonable inferences in his favor; (3) Plaintiff did not receive adequate due process during his grievance investigation in that he was denied an opportunity to "present witnesses and other evidence in support of his Grievance Complaint"; and (4) Defendants Perrea, Riley, Girdich, and O'Connell should not be dismissed from the action because the record evidence demonstrates that these Defendants "act[ed] in concert with each other to participate in the violation of Plaintiff's Eighth Amendment rights." (Dkt. No. 88, at 1-5.)

---

[2] More specifically, Plaintiff argues that Defendant McGuoirk and the Department of Correctional Services ("DOCS") Inspector General's investigator tried to "cover up" the fact that he did not hit his head. To the extent that Plaintiff is attempting to assert, for the first time, a claim against the DOCS Inspector General's investigator, such a claim is dismissed because, among other things, the DOCS Inspector General is not a named party Defendant. *Excell v. Burge*, 05-CV-1231, 2008 WL 4426647, at *3 n.4 (N.D.N.Y. Sept. 25, 2008) (Kahn, J. adopting DiBianco, M.J.) (noting that a person "not listed in the caption and . . . never served with process . . . is not . . . a defendant [in the action]").

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[3] On de novo review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[4] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

magistrate judge." 28 U.S.C. § 636(b)(1)(C).

  **B.** **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Homer correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 87, at 8-9.) As a result, this standard is incorporated by reference in this Decision and Order.

**III.** **ANALYSIS**

After carefully reviewing all of the papers herein, including Magistrate Judge Homer's thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation. Magistrate Judge Homer employed the proper standards to Plaintiff's claims, accurately recited the facts surrounding these claims, and reasonably applied the law to those facts. The Court would only add the following three observations.

First, with regard to Plaintiff's argument that he did not receive adequate due process during his grievance investigation, the Court declines to consider the due process claim implicitly asserted in the argument because Plaintiff is asserting that due process claim for the first time in his Objections to the Report-Recommendation. *Williams v. Cooney*, 01-CV-4623, 2004 WL 434600, at *2 n.1 (S.D.N.Y. Mar. 8, 2004) (noting that a district court "has discretion to review arguments which are raised for the first time in objections to the Report"). In any event, even if the Court were to consider this late-blossoming due process claim, the Court would reject that claim on three alternative grounds: (1) Plaintiff has failed to introduce any admissible record evidence that he exhausted his administrative remedies with regard to this claim; (2) Plaintiff has failed to introduce any admissible record evidence that he was in fact not provided with an opportunity to present evidence in support of his grievance; and (3) "the manner in which grievance investigations are conducted do[es] not create a protected liberty

interest." *Odom v. Poirier*, 99-CV-4933, 2004 WL 2884409, at *10 (S.D.N.Y. Dec.10, 2004) (citing *Torres v. Mazzuca*, 246 F. Supp.2d 334, 342 [S.D.N.Y. 2003]), *accord Thomas v. Picio*, 04-CV-3174, 2008 WL 820740, at *5 n.5 (S.D.N.Y. Mar. 26, 2008).  For all of these reasons, the Court rejects Plaintiff's newly asserted due process claim.

Second, with regard to Plaintiff's argument that Magistrate Judge Homer's omission of references to Plaintiff's numerous exhibits in the Report-Recommendation is evidence that Magistrate Judge Homer failed to resolve all ambiguities and draw all reasonable inferences in his favor, this argument fails to specifically address any of Magistrate Judge Homer's factual or legal conclusions.  Instead, the argument generally attacks the findings and conclusions of the Report-Recommendation.  As a result, the portion of the Report-Recommendation challenged by the argument is subject to only clear-error review.  In any event, this portion of Magistrate Judge Homer's Report-Recommendation, as well as the other portions of his Report-Recommendation, would survive even a *de novo* review.  Contrary to Plaintiff's argument, Magistrate Judge Homer relied on Plaintiff's version of the facts (and thus on Plaintiff's exhibits) in concluding that a question of material fact exists regarding Plaintiff's excessive-force claims and failure-to-intervene claims.  For these reasons, the Court rejects Plaintiff's argument that Magistrate Judge Homer failed to resolve all ambiguities and draw all reasonable inferences in his favor.

Finally, with regard to Plaintiff's argument that he did not hit his head against the wall, but rather his injuries were caused by Defendants, and Defendants are collectively trying to "cover up" this fact, Plaintiff has failed to point to (or introduce in his Objections) any admissible record evidence as to when, where, or how Defendants came together and planned to (1) assault him, and (2) subsequently cover up the assault.  As a result, the Court rejects Plaintiff's argument that his conspiracy claim should survive summary judgment.

For all of these reasons, Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 87) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 78) is **GRANTED in part** and **DENIED in part**, in the following regards:

(1) all of Plaintiff's claims against Defendants Bouchey, Quinn, Girdich, Gettman, O'Connell, Perrea, and Riley (including all of Plaintiff's medical-indifference claims under the Eighth Amendment, and Plaintiff's conspiracy claims) are **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 56;

(2) Plaintiff's claims against Defendant Smith are **DISMISSED without prejudice** for failure to serve, pursuant to Fed. R. Civ. P. 4(m) and N.D.N.Y.L.R. 4.1(b);

(3) remaining in this action, following the issuance of this Decision and Order, are Plaintiff's excessive-force claims and failure-to-intervene claims against Defendants Santamore, Comstock, McGuoirk, LaClaire, Buksa, Ramsdell, Hopkinson and Gilmore. (Plaintiff's claims against these Defendants are *not* dismissed due to the existence of genuine issues of material fact regarding those claims.)

Dated: January 7, 2010
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge